Beatriz Cinthya RAMIREZ, aka
Beatriz Cinthya Reyes–
Lozano, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72660.

United States Court of Appeals,
Ninth Circuit.

---

Submitted April 6, 2015.*

Filed April 10, 2015.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

OIL, Janette L. Allen, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Beatriz Cynthia Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' determination that she is statutorily ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. On de novo review, we deny the petition. *Latter–Singh v. Holder,* 668 F.3d 1156, 1159 (9th Cir.2012)

Ramirez was convicted of grand theft under California Penal Code Section 487 and petty theft with priors under Sections 484 and 666. Convictions under California's theft statute, whether petty or grand, are categorically crimes involving moral turpitude. *Castillo–Cruz v. Holder,* 581 F.3d 1154, 1160 (9th Cir.2009); *United States v. Esparza–Ponce,* 193 F.3d 1133, 1136–37 (9th Cir.1999).

Ramirez's multiple convictions for crimes involving moral turpitude render her ineligible for cancellation of removal

under 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and 1229b(b)(1)(C). She is also ineligible for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act because her convictions preclude her from establishing her good moral character for "10 years immediately following the commission of an act ... constituting a ground for removal." 8 C.F.R. § 1240.66(c)(2)-(3).

**DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.